THE STATE PUBLIC UTILITIES COMMISSION *ex rel.* Alton and Southern Railroad, Appellee, *vs.* THE VANDALIA RAILROAD COMPANY, Appellant.

*Opinion filed February 16, 1916.*

1. PUBLIC UTILITIES—*when a finding that the commission has viewed the premises is unnecessary.* If the Public Utilities Commission views the premises on a petition by one railroad company to cross the railroad of another and enters an order but leaves matters undecided which then might have been determined in order to give the parties time to agree, it is not necessary that a supplemental order, entered after the parties have failed to agree, contain a finding that the commission has viewed the premises.

2. SAME—*when plan adopted by commission will not be held unreasonable.* If each party to a proceeding by one railroad company for leave to cross the tracks of another railroad company at grade submits a plan for the proposed elevation and grading of the tracks to be crossed and introduces testimony tending to show that each plan is feasible, an order of the Public Utilities Commission adopting substantially the plan of the senior railroad, which is within the range of the testimony as to what will be a feasible grade and is supported by the evidence, cannot be said to be unreasonable or contrary to law.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

FORDYCE, HOLLIDAY & WHITE, and ALLEN, HUMPHREY & CONVERSE, (J. G. WILLIAMS, of counsel,) for appellant.

J. L. FLANNIGAN, and M. W. SCHAEFER, (FLANNIGAN, BAXTER & HAMLIN, and SCHAEFER and KRUEGER, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellee, the Alton and Southern Railroad, petitioned the Public Utilities Commission for the right to cross the tracks of the appellant, the Vandalia Railroad Company, at grade. Appellant answered, contesting the right of appellee to a grade crossing, and upon a hearing the prayer of appellee's petition was granted and appellant was ordered

to elevate its tracks at the point of crossing to a height of two feet and to make all other changes reasonably necessary to permit appellee to cross its tracks. The order then provided: "The exact character of these changes, together with the exact amount of the proposed raise, the rate of grade of the approaches to the crossing of the Vandalia railroad, and the distance along the Vandalia railroad in which the raise referred to should be effected, to be determined upon by agreement between the Alton and Southern and the Vandalia railroad, if possible. If it is not possible to determine these matters by agreement, then they will be determined by the commission after another hearing." Appellant appealed from that order to the circuit court of Sangamon county, where a judgment was entered affirming the decision of the commission. A further appeal was perfected to this court, where the judgment of the circuit court was affirmed. (*Alton and Southern Railroad v. Vandalia Railroad Co.* 268 Ill. 68.) Thereafter, appellant and appellee being unable to agree as to the grade at which the tracks of the Vandalia company should approach the crossing, appellee filed a supplemental petition with the Public Utilities Commission, in which all the proceedings theretofore taken were set out. It was also alleged that at the time the petition was filed a condemnation proceeding was pending in the county court of St. Clair county to determine the damages which should be awarded the Vandalia company on account of the crossing, but no trial could be had for the reason that the county court held that it could not submit to the jury the question of damages until the distances which the grades should be carried back from the point of crossing should be fixed. The petition prayed that the commission enter an order fixing the distance on either side of the proposed crossing required to raise the tracks of the Vandalia company in order to make the crossing. Appellant answered, a hearing was had, and an order was entered by the commission fixing the grade required to raise

the tracks of the Vandalia company to effect the crossing. From this order appellant appealed to the circuit court of Sangamon county, where a judgment was entered affirming the decision of the commission. From that judgment this appeal has been perfected.

Appellant urges as grounds for reversal that the commission was without jurisdiction to enter the order because it failed to view the ground at the proposed point of crossing and the proposed grades and approaches; that the finding and order of the commission are not supported by the evidence, and that the order of the commission deprives appellant of its property without due process of law and without just compensation.

This proceeding was merely supplemental to the proceeding had under the original petition for a crossing at grade. The matters determined could have been determined under the original petition. The commission saw fit not to determine the question at that time but to give the parties an opportunity, if possible, to agree upon the grades necessary to effect the crossing under the order upon the original petition. Appellant concedes that during the proceedings under the original petition the commission did view the premises at the point of crossing. There is no finding in the order entered on the supplemental petition that the commission had viewed the premises. This was unnecessary. The commission complied with the requirements of the statute when it viewed the premises under the original petition, and there was no necessity for any further or additional view.

Appellee submitted a proposal, upon the hearing, to raise the tracks of appellant at the point of crossing approximately two feet and fill its road-bed so that it would be level for a distance of 200 feet in each direction from the point of crossing and then descend eastward approximately 1600 feet at a grade of .25 of one per cent and descend westward approximately 1000 feet at a grade of .20 of one

per cent, and introduced testimony that the grade proposed would not materially affect or damage the appellant or appellant's railroad. Appellant submitted a proposal to fill its road-bed so that it would be level for a distance of 500 feet in each direction from the point of crossing and then descend eastward approximately 1900 feet at a grade of .25 of one per cent and descend westward approximately 7500 feet at a grade of .05 of one per cent, and introduced testimony in support of the feasibility of its proposal. The commission by its order provided that the road-bed should be filled so that it would be level for a distance of 500 feet in each direction from the point of crossing, then descend eastward on a grade of .25 of one per cent for approximately 1600 feet and westward on a grade of .10 of one per cent for a distance of approximately 2900 feet. It will thus be seen that the proposal of appellant was adopted by the commission so far as the extent of level track on each side of the point of crossing is concerned and was practically adopted as to the grade and extent of the slope to the east. It was only appreciably changed on the slope to the west, where the descent was made in one-half the space suggested by appellant and with double the grade. Appellant insists that there is no evidence whatever to support this order, for the reason that it does not conform to the proof of either appellant or appellee. The contention is without force. Proof was offered by the respective parties that each of the plans submitted was feasible. The plan adopted by the commission fell within the range of the testimony as to what constituted a feasible grade and is supported by the evidence. We cannot say that the decision of the commission was unreasonable or contrary to law.

In *Alton and Southern Railroad* v. *Vandalia Railroad Co. supra,* we held that the decision of the Public Utilities Commission in granting the right of appellee to cross the tracks of appellant at grade was not the taking of appellant's property without due process of law, as the property

272 — 3

of appellant could not be taken without compensation. Appellant contends that in this case the lack of due process arises out of the fact that the commission made an order without any evidence on which to base it, and which does not leave appellant, the senior road, as nearly as possible in the same condition and situation as it was before the crossing was ordered. As we have pointed out, the order of the commission is supported by the evidence. In order to effect this crossing it became necessary to require appellant to raise its tracks approximately two feet. That rendered it impossible to leave appellant in exactly the same condition and situation as it was before the crossing was established, and we are of the opinion that under the order and decision of the commission appellant is left as nearly as possible in the same condition and situation as it was before.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*